## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 833 | **DATE** | 7/20/2004 |
| **CASE TITLE** | ONE WORLD vs. BOSCH TOOL, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Power Tool's motion (13-1) to dismiss is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 2 1 2004 | |
| | Notified counsel by telephone. | date docketed | 34 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| DW | courtroom deputy's initials | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ONE WORLD TECHNOLOGIES, LTD.
and RYOBI TECHNOLOGIES, INC.,

    Plaintiffs,

v.

ROBERT BOSCH TOOL CORPORATION,
REXON INDUSTRIAL CORP., LTD., and
POWER TOOL SPECIALISTS, INC.,

    Defendants.

No. 04 C 0833
Judge James B. Zagel

**DOCKETED**
JUL 2 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs One World Technologies, Ltd. and Ryobi Technologies, Inc. ("Plaintiffs") have sued Defendants Power Tool Specialists, Inc. ("PTS"), Robert Bosch Tool Corporation, and Rexon Industrial Corporation, Ltd. for patent infringement of U.S. Patent No. 6,658,976 ("the '976 patent"). The '976 patent, entitled "Ergonomic Miter Saw Handle," was issued on December 9, 2003 to One World. Ryobi claims to be an exclusive licensee of the '976 patent.

PTS has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted with respect to PTS. It claims that it has undertaken no activities with the '976 patent which can legitimately amount to patent infringement. It further claims that to the extent that Plaintiffs have failed to allege with any specificity how PTS' activities amount to patent infringement, no facts have been presented in the Complaint, or even can be alleged, upon which relief can be granted against PTS. In support of its motion, PTS relies on a number of factual allegations that are not found in the Complaint, as well as on an affidavit of Anthony J. Borgatti, its Chief Executive Officer.

Pointing to *Northwestern Corp. v. Y.L.C.*, No. 03 C 2408, 2003 U.S. Dist. LEXIS 17874 (N.D. Ill. Oct. 7, 2003), Plaintiffs respond that PTS' motion is an improper attempt to use facts outside the Complaint to decide the merits of this suit prematurely. In *Northwestern*, the defendant's Rule 12(b)(b) motion to dismiss relied on two affidavits. The Court stated that "[i]f matters outside the pleadings are presented by the defendant, a District Court may either exclude those documents and continue under Rule 12 or convert the Rule 12(b)(6) motion into a summary judgment motion and proceed under Rule 56." *Id.* at *4; *see also Marques v. FRB*, 286 F.3d 1014, 1017 (7th Cir. 2002) (holding that a Rule 12(b)(6) motion was converted into a motion for summary judgment when materials outside the complaint were actually considered by the court). Because the motion did not comply with Rule 56 or the Local Rules of this Court concerning summary judgment, the Court declined to convert the motion to dismiss into a motion for summary judgment. *See Northwestern*, 2003 U.S. Dist. LEXIS at *4. I do so here as well.

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not the merits of the case. *See Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal is appropriate only if it appears beyond a doubt that the Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995). The party moving for dismissal bears the burden of proving that no claim has been stated. In ruling on Rule 12(b)(6) motion, I must accept all well-pleaded factual allegations in the Complaint as true and draw all reasonable inferences from those facts in the Plaintiffs' favor. *See Cleveland v. Rotman*, 297 F.3d 569 (7th Cir. 2002).

In considering PTS' motion, I must ignore external facts not found in Plaintiffs' Complaint. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). It is well accepted that "[d]ocuments that a defendant attaches to a Rule 12(b)(6) motion to dismiss may only be considered if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Northwestern*, 2003 U.S. Dist. LEXIS at *3. The Borgatti affidavit attached to PTS' motion, as well as the factual allegations relied on throughout the motion, are beyond the scope of Plaintiffs' Complaint, and I therefore disregard them in deciding the motion.

Putting aside the external documents and facts, I am left with PTS' claim that Plaintiffs have failed to allege with any specificity how PTS' activities amount to patent infringement and that no facts have been presented, or even can be alleged, upon which relief can be granted against PTS. Contrary to these allegations, however, Plaintiffs have stated a proper claim for patent infringement that satisfies the pleading requirements of the Federal Rules.

Rule 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." In pleading a claim for patent infringement, "the plaintiff need only state sufficient facts to put the alleged infringer on notice." *Jackson v. Ill. Bell Tel. Co.*, No. 01 C 8001, 2002 U.S. Dist. LEXIS 13186, at *7 (N.D. Ill. Jul. 3, 2002). In, *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790 (Fed. Cir. 2000), the Federal Circuit held that a complaint that alleged the plaintiff's ownership of the asserted patent, named each individual defendant, cited the patent that was allegedly infringed, described the means by which defendants allegedly infringed, and pointed to the specific sections of the patent law invoked was sufficient to state a claim for patent infringement because the complaint contained enough detail to put the defendants on notice.

3

In this case, Plaintiffs' Complaint alleges the same things that the Complaint in *Phonometrics* alleged. The Complaint alleges Plaintiffs' ownership of the '976 patent, names each individual defendant, cites the '976 patent as the patent that was allegedly infringed, and points to the specific sections of the patent law invoked. As for describing the means by which Defendants allegedly infringed, Plaintiffs allege that:

> Defendants have infringed and are now directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '976 patent within this District or elsewhere within the United States by making, using, selling, and/or offering to sell products falling within the scope of such claims, all without authority or license from Plaintiffs.

PTS argues that such an allegation is deficient because no specific facts are provided regarding its alleged infringement activities, but no such specificity is required. *See Northwestern*, 2003 U.S. Dist. LEXIS at *5; *see also Advanced Cardiovascular Sys. v. Scimed Life Sys.*, 989 F.Supp. 1237, 1249 (N.D. Cal. 1997) ("In order to state a claim of patent infringement, a plaintiff must allege that the defendant makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the patent, and without authority of the patent holder."). This allegation clearly sets forth an adequate allegation of patent infringement sufficient to put PTS on notice that its activities are infringing the '976 patent.

For the reasons above, PTS' Motion to Dismiss for Failure to State a Claim is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: JUL 20 2004

4